## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **WALESKA GARCIA ROSARIO**, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**COMMONWEALTH OF PUERTO RICO**, *et al.*,<br><br>Defendants. | Civil No. 15-1358 (BJM) |

### OPINION AND ORDER

Waleska Garcia Rosario ("Garcia"), personally and on behalf of her son, LCG, sued the Commonwealth of Puerto Rico Department of Education ("DOE"). Plaintiffs having prevailed by settlement in the federal-court action, seek a total of $3,158.54 in attorney's fees and costs from defendants pursuant to the fee-shifting provision of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. Docket Nos. 47-49. Defendants opposed. Docket No. 51. The case is before me by consent of the parties. Docket No. 25.

### FACTUAL AND PROCEDURAL HISTORY

LCG is registered with DOE as a student with disabilities. Compl. ¶ 10. LCG has been diagnosed with autism and mental retardation. Compl. ¶ 8. LCG resides with his mother in the municipality of Guaynabo, Puerto Rico. Compl. ¶ 9.

After eight years without receiving educational services, Garcia filed an administrative complaint where the administrative law judge ("ALJ") granted the relief sought. Compl. ¶ 20. However, defendants did not comply with administrative ruling. Compl. ¶ 36-40. Therefore, in April 2014, plaintiffs filed a preliminary and permanent injunctions before this court, alleging defendants' refusal to provide LCG with a free appropriate public education ("FAPE"), as required by IDEA. 20 U.S.C. § 1400(d). Compl. ¶ 4. Plaintiffs requested a declaration that defendants violated plaintiffs' federal rights guaranteed by IDEA, an order to immediately provide LCG the relief granted by the administrative forum, and reasonable costs, expenses, and attorneys' fees. Docket No. 1. In November 2015, the parties settled. Docket No. 42.

## DISCUSSION

Plaintiffs seek attorneys' fees and costs due to them as prevailing parties pursuant to the IDEA. The IDEA permits a district court, in its discretion, to award reasonable attorneys' fees "to a prevailing party who is the parent of a child with a disability," subject to certain limitations. 20 U.S.C. § 1415(i)(3)(B)(i)(I). The fees to be awarded "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished. No bonus or multiplier may be used in calculating the fees awarded." *Id*. § 1415(i)(3)(C).

Among other restrictions, the court may not award attorney's fees "relating to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action, or, at the discretion of the State, for a mediation" under the IDEA. *Id*. § 1415(i)(3)(D)(ii). A preliminary meeting (which precedes the impartial due process hearing required to be held after a complaint has been received) conducted pursuant to 20 U.S.C. § 1415(f)(1)(B)(i) is not "a meeting convened as a result of an administrative hearing or judicial action." *Id*. § 1415(i)(3)(D)(iii). With certain exceptions, the court must reduce the fee award if, *inter alia*, it finds that the parent, or the parent's attorney, unreasonably protracted the final resolution of the controversy; the amount of otherwise-authorized fees "unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience"; or "the time spent and legal services furnished were excessive considering the nature of the action or proceeding." *Id*. § 1415(i)(3)(F).

Plaintiffs' first motion seeks a compensation of **$480.00** in filing fees, and fees for service of summons and subpoena. Docket No. 47. The second motion seeks a compensation of **$438.54** for additional litigation expenses concomitant of attorneys' fees pursuant to 42 U.S.C. § 1988 and 20 U.S.C. § 1415(i)(3)(B). Docket No. 48. Lastly, the third motion seeks a total of **$2,240.00** in attorneys' fees. Docket No. 49.

Defendants do not question that plaintiffs are prevailing parties entitled to reward. However, they argue that the fees billed are excessive and duplicative. Docket No. 51. Defendants find extreme the hours allocated for reviewing and drafting documents, and legal research, and seek a reduction of **$294.00.** Defendants' second argument is that the total amount for meetings, conferences, and e-mail communications should be reduced a total

amount of **$75.00**, a reduction of 30%. According to defendants, the accounts provided by the plaintiffs in the invoice entries lacked specificity in describing the labor executed. Considering all requests for reductions, defendants seek a total deduction of **$369.00**. I will address these objections in turn.

*Time Drafting and Researching*

In regards to the hours billed by attorneys for time drafting and researching, the district court has broad discretion to determine "how much was done, who did it, and how effectively the result was accomplished." *Lipsett v. Blanco,* 975 F.2d 934, 939 (1st Cir. 1992). The number of hours can be reduced to account for excessive hours. *See Spooner v. EEN, Inc.,* 644 F.3d 62, 68 (1st Cir. 2011). Examples of such excesses include spending 15 minutes reading a single-sentence order, or spending 90 minutes reading short motions and replies. *See Cortes-Reyes v. Salas-Quintana,* 806 F. Supp. 2d 470, 477 (D.P.R. 2011).

Defendants ask this court to reduce the amount for entries related to reviewing documents, and conducting legal research, arguing that the amount of hours billed was disproportionate. Docket No. 51. However, defendants provide no substantiation as to what time it takes other experienced attorneys to perform the same task. I have reviewed the pleadings at issue and the hours dedicated by the attorneys appear reasonable and are explained with sufficient detail in their bill. *See* Exhibit 1-Docket 49-1.

*Conferences, Meetings and E-mails*

A court may adjust the hours to account for time records that are "too generic," causing them to be "insufficient as a practical matter to permit a court to answer questions about excessiveness, redundancy, and the like." *Colón Vázquez v. Puerto Rico*, 2015 WL 847291, at *2 (D.P.R. 2015)(citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The *Grendel's Den* standard requires attorneys to keep contemporaneous and detailed time records, except in extraordinary circumstances. *Grendel's Den, Inc. v Larkin*, 749 F2d 945, 951 (1st Cir. 1984). Plaintiffs are "not required to record in great detail how each minute of his time was expended." *Hensley*, 461 U.S. at 437. They should, however, identify the general subject of the time being billed. *Hensley*, 461 U.S. at 455. The problem with imprecise records is that "they fail to allow [ ] the paying party to dispute the accuracy of

Garcia-Rosario, et al., v. Commonwealth of Puerto Rico, et al., Civil No. 15-1358 (BJM)    4

the records as well as the reasonableness of the time spent." *Lipsett*, 975 at 938 (internal citation and quotation omitted)(alteration in original).

Records will be sufficient and compensable if the subject matter and nature of the tasks are either explicitly stated or readily ascertainable based on other information contained in the records. *Parker v. Town of Swansea*, 310 F. Supp. 2d 376, 392 (D. Mass. 2004). When there is no interrelation between the entries and the dates or surrounding entries, a full account of the task performed will be required. *Walsh v. Boston Univ.*, 661 F. Supp. 2d 91, 106 (D. Mass. 2009). References to telephone calls should not require extensive details to be compensable. *Parker*, 310 F. Supp at 392. A court must be cognizant of the attorney/client issue when attorneys are describing a task such as an email or a conference with the client; therefore if the court can deduce the general reason by examining the date of the task surrounding it, it will be considered reasonable. *Walsh*, 661 F. Supp. 2d at 117.

Defendants argue that the communications via email and conference calls were vague, unnecessary, and duplicative. Docket No. 51. However, nowhere in the allegations do they evidence that these entries are needless. The burden is on the defeated party to demonstrate circumstances that are appropriate to overcome the presumption in favor of the prevalent party. Charles Alan Wright, *et al.*, 10 Federal Practice & Procedure § 2668 (3d ed., 2015).

After reviewing the time records, I conclude that the hours billed were kept contemporaneously and give satisfactory detail regarding the nature of the legal issue being discussed. Exhibit 1 – Docket No. 49. The entries that defendants argue are nebulous, when analyzed simultaneously with the other entries in the invoice, demonstrate that billed hours are concurrent, and necessary. Docket. No. 49-1.

## CONCLUSION

For the foregoing reasons, the Motion for Bill of Costs, Docket No. 47, Motion for Cost and Litigation Expenses, Docket No. 48, and Motion for Attorneys' Fees, Docket No. 49, are **GRANTED**. Plaintiffs are awarded **$3,158.54** in costs, fees, and litigation expenses.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of February, 2016.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge